UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION



NIGEL LUCOMBE,

    Plaintiff,

v.

GULF COAST COLLECTION BUREAU, INC.

    Defendants,
_____/

Case No. 8:25-cv-2823-WFJ-LSG

COMPLAINT AND
DEMAND FOR JURY TRIAL

Plaintiff, **NIGEL LUCOMBE**, sues the Defendant, **GULF COAST COLLECTION BUREAU, INC.** for damages, and as grounds thereof states as follows:

### NATURE OF ACTION

1. This is an action for actual, statutory, and punitive damages, and costs brought pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et. seq. ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. ("FDCPA"), and the Florida Consumer Collections Practices Act, Fla. Stat. § 559.55 et. seq. ("FCCPA") which exceeds $15,000.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), Fla. Stat. § 47.051, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202.

3. Venue properly lies in this District of Florida because (a) the violations addressed

within this Complaint occurred substantially or completely within this District, (b) Plaintiff resides in this District, and (c) Defendant solicits and transacts business in this District.

## THE PARTIES

4. At all times material hereto, Plaintiff was and is a natural person residing in Florida at all times material to this action.

5. At all times material hereto, Plaintiff was and is a consumer as defined by 15 U.S.C. § 1692a(3), 47 U.S.C. § 227(a)(2), and Fla. Stat § 559.55(8).

6. At all times material hereto, Defendant was and is a corporation registered with the State of Florida, which maintains its principal place of business in Florida at all times material to this action.

7. At all times material hereto, Defendant was and is a collection firm operating from an address of 7560 Commerce Court, Sarasota, FL 34243 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), 47 U.S.C. § 227(b)(1)(B), and Fla. Stat. §559.55(7).

8. At all times material hereto, Defendant was and is conducting substantial business in the State of Florida.

9. At all times material hereto, Defendant has maintained a registered agent in the State of Florida: Corporation Service Company 7560 Commerce Court, Sarasota, FL 34243.

10. At all times material hereto, Defendant was and is engaged, by regular, direct and indirect use of instrumentalities of interstate commerce including the United States mail service and telephone, in attempting to collect an alleged debt from Plaintiff as defined by 15 U.S.C. § 1692a(5), 47 U.S.C. § 227(b)(1)(B), and Fla. Stat. § 559.55(2).

11. At all times material hereto, Defendant's principle business was and is servicing and collecting consumer debts by use of United States mail and telephone and is, therefore a debt collector as defined by 15 U.S.C. § 1692a(6), 47 U.S.C. § 227(b)(1)(A)(iii), and Fla. Stat. §

559.55(7).

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12.  Plaintiff incurred an alleged financial obligation to the original creditor, Bay Care, arising from an account, constituting a debt as defined by 15 U.S.C. § 1692a(5), 47 U.S.C. § 227(b)(1)(B), and Fla. Stat § 559.55(6) (hereinafter referred to as "debt").

13.  The aforementioned alleged debt constitutes a transaction or transactions in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1692a(5), 47 U.S.C. § 227(b)(1)(B), and Fla. Stat § 559.55(6).

14.  Defendant sought to collect the above-referenced alleged debt from Plaintiff for and on behalf of Bay Care.

15.  On or about 7/21/25, Plaintiff clearly and without question as to interpretation, demanded Defendant to cease communications by telling Defendant's representative on the telephone initiated by Defendant stating "Do not call me again."

16.  Plaintiff has repeatedly told the Defendant's representative on 7/25/25 to cease communications.

17.  Beginning on or about 7/21/25, through the date of this Complaint, Defendant made over twenty three (23) explicitly unauthorized phone calls to Plaintiff's cell phone (see table below; see Exhibit "A"):

| Date of call | Caller ID Received | Number Called | Exhibit A |
|---|---|---|---|
| 10/10/25 | 866-991-7360 | 813-900-7705 | Exhibit A |
| 10/14/25 | 866-991-7360 | 813-900-7705 | Exhibit A |
| 10/13/25 | 866-991-7360 | 813-900-7705 | Exhibit A |
| 10/06/25 | 866-991-7360 | 813-900-7705 | Exhibit A |
| 10/03/25 | 866-991-7360 | 813-900-7705 | Exhibit A |
| 9/30/25 | 866-991-7360 | 813-900-7705 | Exhibit A |
| 9/25/25 | 866-991-7360 | 813-900-7705 | Exhibit A |
| 9/22/25 | 866-991-7360 | 813-900-7705 | Exhibit A |
| 9/17/25 | 866-991-7360 | 813-900-7705 | Exhibit A |
| 9/9/25 | 866-991-7360 | 813-900-7705 | Exhibit A |
| 9/5/25 | 866-991-7360 | 813-900-7705 | Exhibit A |
| 8/28/25 | 866-991-7360 | 813-900-7705 | Exhibit A |
| 8/25/25 | 866-991-7360 | 813-900-7705 | Exhibit A |
| 8/21/25 | 866-991-7360 | 813-900-7705 | Exhibit A |
| 8/18/25 | 866-991-7360 | 813-900-7705 | Exhibit A |
| 8/15/25 | 866-991-7360 | 813-900-7705 | Exhibit A |
| 8/11/25 | 866-991-7360 | 813-900-7705 | Exhibit A |
| 8/8/25 | 866-991-7360 | 813-900-7705 | Exhibit A |
| 8/7/25 | 866-991-7360 | 813-900-7705 | Exhibit A |
| 8/6/25 | 866-991-7360 | 813-900-7705 | Exhibit A |
| 8/5/25 | 866-991-7360 | 813-900-7705 | Exhibit A |
| 7/25/25 | 866-991-7360 | 813-900-7705 | Exhibit A |
| 7/21/25 | 866-991-7360 | 813-900-7705 | Exhibit A |

## COUNT I - VIOLATION OF FDCPA, 15 U.S.C. § 1692(d)

18. Plaintiff hereby re-alleges and incorporates paragraphs one (1) through seventeen (17) as if fully set forth herein.

19. 15 U.S.C. § 1692(d) prohibits a debt collector from engaging in any conduct of which is to harass, oppress, or abuse any person in connection with the collection of a debt, including "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

20. Defendant by and through its authorized agents, intentionally violated 15 U.S.C. §

1692(d) by repeatedly calling Plaintiff with the intent to annoy, abuse, or harass.

21. Beginning on or about 7/21/2025 through 10/14/2025, Defendant made over twenty three (23) unauthorized phone calls to Plaintiff's cell phone (see Exhibit "A").

22. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

23. 15 U.S.C. § 1692k authorizes an award of damages from any debt collector who fails to comply with any provisions of 15 U.S.C. § 1692 equal to any actual damages caused as well as damages up to $1,000.00 plus reasonable attorney's fees and costs.

24. Plaintiff is obligated to pay the undersigned attorney's reasonable costs and fees for their services.

WHEREFORE, Plaintiff demands trial by jury, judgment against Defendant for statutory damages in the amount of $1,000.00, plus pre-judgment interest, post-judgment interests, costs and attorney's fees.

## COUNT II - VIOLATION OF
## FCCPA, Fla. Stat. § 559.72(7)

25. Plaintiff hereby re-alleges and incorporates paragraphs one (1) through seventeen (17) as if fully set forth herein.

26. Fla. Stat. § 559.72(7) prohibits a debt collector from willfully engaging with a debtor with such frequency as can reasonably be expected to harass the debtor, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor.

27. Defendant by and through its authorized agents, intentionally violated Fla. Stat. §559.72(7) by repeatedly placing unauthorized calls to Plaintiff.

28. Beginning on or about 7/21/2025 through 10/15/2025, Defendant made twenty three (23) unauthorized phone calls to Plaintiff's cell phone (see Exhibit "A").

29. Despite Plaintiff's correspondence instructing the Defendant to cease any and all phone communications with himself and family, Defendant willfully harassed Plaintiff by disregarding the request and continuing to make a myriad of unauthorized phone calls.

30. Fla. Stat. § 559.77 authorizes an award of actual damages and for additional statutory damages of up to $1,000.00, together with court costs and reasonable attorney's fees incurred by the Plaintiff. Damages from any debt collector who fails to comply with Fla. Stat. § 559.72 equal to any actual damages caused as well as damages up to $1,000.00 plus reasonable attorney's fees and costs.

31. Plaintiff is obligated to pay the undersigned attorney's reasonable costs and fees for their services.

WHEREFORE, Plaintiff demands trial by jury, judgment against Defendant for statutory damages in the amount of $1,000.00, plus pre-judgment interest, post-judgment interests, costs and attorney's fees.

## COUNT III - VIOLATION OF
## TCPA, 47 U.S.C. § 227(b)(1)

32. Plaintiff hereby re-alleges and incorporates paragraphs one (1) through seventeen (17) as if fully set forth herein.

33. 47 U.S.C. § 227(b)(1) prohibits any person to make or initiate any unauthorized call using any automatic telephone dialing system or artificial or pre-recorded voice to any cellular telephone service.

34. Defendant by and through its authorized agents, intentionally violated 47 U.S.C. § 227(b)(1) by repeatedly making unauthorized calls to Plaintiff's cell phone (see table above; also see Exhibit "A").

35. Beginning on or about 7/21/2025 through 10/15/2025, Defendant made twenty three

(23) unauthorized phone calls to Plaintiff's cell phone (7705 Number) using an automatic telephone dialing system or a prerecorded voice (see Exhibit "A").

36. Defendant demonstrated willful or knowing non-compliance with 47 U.S.C. 227(b)(1) after receiving Plaintiff's 7/21/2025 demand to cease telephone communications.

37. 47 U.S.C. § 227(b)(3) authorizes recovery of $500.00 in damages for each violation of 47 U.S.C. § 227(b)(1). It further authorizes the increase of said recovery to an amount equal to not more than 3 times that amount if the Court finds that the defendant willfully or knowingly violated this subsection.

WHEREFORE, Plaintiff demands judgment against Defendant for statutory damages in the amount of $1,500.00 for each violation.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the calls as alleged herein.

## JURY DEMAND

Plaintiff hereby demand a trial by jury.

Dated: October 15, 2025            respectfully submitted,

Nigel Lucombe, Pro Se
P.O. Box 2589
Lutz, FL 33548
Nlucombe@gmail.com
Tel: 813-900-7705